GEORGE C. CAMPBELL *et al.*, Appellants, *v.* WILLIAM W. GILMAN, Appellee.

### APPEAL FROM LA SALLE.

A temporary injunction restraining the payment of a note by the makers and guarantor, is no bar to a recovery upon the note.

It is regular for the clerk to assess damages on overruling a demurrer.

THIS was an action of assumpsit, brought by the indorsor of a promissory note against the makers.

Declaration in the usual form, with special and common counts.

Plea: That since the commencement of the suit, in a certain cause in said court, in which William Engles, Michael Engles, John Engles, and Joseph Engles by William Engles, his next friend, were complainants, and Peter Engles, Catherine Goetell, Peter Goetell, said defendants, Orris H. Bullen and George C. Campbell, and also Joseph O. Glover, were defendants, the said Campbell and Bullen were enjoined from paying said note until the further order of said court, and that said order was in full force and effect.

Demurrer to plea, general and special.

Causes: That the note was assigned before it became due, and that plaintiff is not made a party to the chancery suit; neither is there any averment in said plea that the note was assigned after it became due, or after the commencement of the chancery suit, nor that plaintiff had notice of any such defense before the assignment.

Demurrer sustained.

APRIL TERM, 1861. 121.

Galena & Chicago U. R. R. Co. *v.* Menzies.   Martin et al. *v.* Same.

Judgment ordered on demurrer, and an order by the court that the clerk assess the damages.

Judgment rendered for $798.12, and costs.

The errors assigned are, the court erred in sustaining the demurrer to said plea of said defendants; in allowing the clerk to assess the damages in said cause; and in rendering judgment aforesaid in manner and form aforesaid.

GLOVER, COOK & CAMPBELL, for Appellants.

LELAND & LELAND, for Appellees.

BREESE, J.  The demurrer was properly sustained to the plea in this case.  No case can be found in the books, where a temporary injunction, like that set out in the plea, was ever held to be a bar to the recovery of a judgment in an action upon a note. It acts only upon the defendants named in the writ, and would operate to prevent payment, but not on the action of the court to render a judgment.  By proceeding, the plaintiff might, possibly, subject himself to a contempt, but the court might proceed with the cause.  If such an injunction could be pleaded in bar, it would amount to a complete satisfaction of the debt, as much so as actual payment.

The appellants were called upon to produce authority for such a plea, but none is shown.  It was regular for the clerk to assess the damages, on overruling the demurrer, and it is the uniform and correct practice.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*